## Duquesne Manufacturing Co. v. George J. Williams.

1. CROSS-EXAMINATION—*Error to Deny the Right.*—Under the circumstances of this case as appears from the record, it was error to deny counsel the right of cross-examination.

2. INSTRUCTIONS.—A part of the property taken upon a writ of replevin was not included in such writ. It is error to instruct the jury to find the right to such property to be in the plaintiff in the replevin suit.

Replevin.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed December 23, 1898.

HAHN & HORN, attorneys for appellant.

SLUSSER & JOHNSON, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This is a replevin suit brought by appellee to recover twenty-one bicycles which are definitely described in the writ. The deputy sheriff who executed the writ took from the appellant (defendant below) eighteen bicycles, seven of which were not described in or called for by the writ. Appellee took and received from the sheriff each and all of the eighteen bicycles thus taken by the deputy, appellee's receipt therefor being indorsed upon the back of said writ. There is no evidence tending to show that appellee had any interest whatever in the seven bicycles taken from appellant and received by him, which were not included in the writ. He has never returned or offered to return any or either of the seven wheels thus taken from appellant and received by him.

Appellee was the only witness called upon the trial. While his cross-examination was being conducted by attorney for appellant, the court directed him to "stand aside," and refused to permit any further cross-examination. The attorney for appellant offered no testimony.

As before stated, the writ was for twenty-one wheels, and but eighteen were taken from appellant. The court refused to permit the attorney for appellant to address the jury, except as to the damages for three wheels not obtained by appellee.

The record is that "thereupon the court instructed the jury, in writing, to find the right of property in the plaintiff and to assess such damages, if any, as in their judgment appeared proper according to the evidence." The jury returned the following verdict:

"We, the jury, find the defendant guilty, and the right to the possession of the property in question in the plaintiff, and assess the damages at $60."

We are unable to conceive of any theory upon which this verdict can be sustained. The "property in question" was the eighteen bicycles taken upon the replevin writ and delivered to appellee. There is no pretense that appellee had any interest whatever in seven of those bicycles, or any "right to the possession" thereof. The only suggestion in appellee's brief as to this is that appellant has its right of action against the sheriff. There is no merit in that suggestion. The instruction of the court to the jury was to "find the right of property in the plaintiff." There is not a word of testimony upon which to predicate this peremptory instruction as to at least seven of the bicycles. Neither was the court justified, so far as shown by this record, in refusing to permit counsel for appellant to further cross-examine the plaintiff. Refusing to permit him to address the jury is in harmony with the peremptory instruction to the jury to find for the plaintiff.

The judgment of the Superior Court is reversed and the cause remanded.